# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

FLOYD VERNON PHILLIPS,  
    Plaintiff

vs

EXEL,  
    Defendant.

Civil Action No. 1:09-cv-415

Dlott, J.

**ORDER**

Plaintiff, a resident of Cincinnati, Ohio, brings this action against his former employer alleging employment discrimination. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

Plaintiff's complaint states, in full, that "Teresa Jacques accused me of sleeping on the job. Accused me not being team player. An (sic) she also said that I was to (sic) old." (Complaint at 5). Plaintiff seeks back pay and reinstatement.

In this case, the complaint must be dismissed for plaintiff's failure to exhaust his administrative remedies and for failure to state a claim upon which relief may be granted.

Plaintiff's pro se complaint may be liberally construed as alleging a claim of age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Before filing a lawsuit under the ADEA, a plaintiff must file a charge of employment discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred, or within 300 days if the plaintiff initially instituted proceedings with an authorized

state agency. 29 U.S.C. § 626(d)(1). *See Sheets v. PRG Real Estate Management*, No. 2:07-cv-521, 2008 WL 423776, at *2 (S.D. Ohio 2008) (plaintiff must timely file charge of discrimination with EEOC or state agency before filing complaint in federal court). Here, plaintiff's complaint does not suggest he filed a charge of discrimination with the EEOC or with the Ohio Civil Rights Commission at any time. "Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of an . . . ADEA action." *Hoover v. Timken Co.*, 30 Fed. Appx. 511, 513 (6th Cir. 2002) (citing *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753 (1979)). *See also McCrary v. Ohio Civil Service Employees Assn. Local 11 AFL-CIO*, 18 Fed. Appx. 281, 284 (6th Cir. 2001) (failure to show exhaustion bars ADEA claim). As plaintiff does not indicate that he obtained a right-to-sue letter from the EEOC or Ohio Civil Rights Commission with regard to his claim of employment discrimination or provide documentary evidence of such a letter, his complaint must be dismissed.

In addition, plaintiff's complaint fails to state an age discrimination claim under the ADEA. As stated above, plaintiff's complaint alleges that he was accused of sleeping on the job, not being a team player, and being "too old." In order to state a claim of age discrimination, plaintiff must allege facts showing that: 1) he is at least forty years old; 2) the defendant subjected him to an adverse employment action; 3) he was qualified for the position; and 4) he was replaced by a younger person. *See Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1081 (6th Cir. 1994). Plaintiff's complaint fails to indicate his age, that he was qualified for the position he held, and that he was replaced by a younger person. In the absence of any of these facts, his complaint fails to state a claim upon which relief may be granted under the ADEA and must be dismissed.

Accordingly, plaintiff's complaint is **DISMISSED** for failure of exhaustion and for failure to state a claim upon which relief may be granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Susan J. Dlott, Chief Judge
United States District Court